## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JUDITH FORDHAM, on Behalf of Herself
and Others Similarly Situated,

            Plaintiff,

    v.

SETERUS, INC.,

           Defendant.

**CLASS ACTION COMPLAINT**
[JURY TRIAL DEMANDED]

Judith Fordham ("Plaintiff"), on behalf of herself and all others similarly situated, files this class action complaint against Seterus, Inc. ("Seterus" or "Defendant") and states:

### NATURE OF THE ACTION

1.    This is a fair debt collection practices action brought by Plaintiff on her own behalf and on behalf of others similarly situated to obtain redress from Seterus' systematic use of misleading, deceptive, unfair and unlawful debt collection practices to collect upon residential consumer mortgage loans.

2.    Specifically, Seterus sends homeowners form letters (the "New Jersey Final Letter") stating that the borrowers are in default of their mortgages and that their failure to immediately make a full and complete payment of all arrearages will result in the acceleration of their loan and commencement of foreclosure proceedings.

3.    In truth, however, it has been Seterus' policy and practice not to accelerate loans, or to initiate foreclosure proceedings, in instances where there is an arrearage, so long as the borrower makes a partial payment sufficient to bring the arrearage within a set parameter.

4.      Accordingly, each of the New Jersey Final Letters sent by Seterus falsely and misleadingly suggests that Seterus will accelerate the loan or commence foreclosure proceedings absent full payment, in contradiction to Seterus' actual policy not to accelerate a loan or commence foreclosure proceedings so long as any payment sufficient to bring the loan less than 45 days delinquent is made prior to the expiration date set forth in the New Jersey Final Letter.

5.      The New Jersey Final Letter sent by Seterus to Plaintiff and others similarly situated is a false and misleading threat of acceleration and foreclosure designed to intimidate borrowers into making payments to Seterus that are beyond their means and beyond what is necessary to avoid acceleration and save their homes from foreclosure.

6.      This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq.* ("FDCPA"), and New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.* ("NJCFA").

7.      This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who are members of the Class (defined below) to whom Seterus has sent or will send a New Jersey Final Letter during the applicable Class Period (defined below).

## JURISIDICTION AND VENUE

8.      This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 in that this action arises under, *inter alia*, the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*.

9.      This Court has jurisdiction of the FDCPA and NJCFA claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711–1715, in that (i) the putative class contains more than 100 members; (ii) the class claims total more than $5 million; and, (iii) there is minimal diversity because Seterus is a citizen of a different state than Plaintiff

or at least one member of the Class, some of whom have moved outside of New Jersey in the past three years, such that there is minimal diversity.

10.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 in that the state law allegations and federal law allegations contained herein share a common nucleus of operative facts, as set forth herein, such that they form part of the same case or controversy under Article III of the United States Constitution.

11.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Monmouth County, New Jersey.

## PARTIES

12.    Plaintiff is a resident of Monmouth County, New Jersey.

13.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14.    Seterus is a corporation organized and existing under and by virtue of the laws of the State of Delaware with a principal place of business in Research Triangle Park, North Carolina.

15.    Seterus frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), including with regard to Plaintiff's mortgage loan, because Seterus obtained the servicing rights while in a state of default.

16.    Seterus is regularly engaged in the business of collecting debt in the State of New Jersey.

17.    Seterus' employees, affiliates, directors, agents, and attorneys act under the direction and supervision of Seterus and, therefore, Seterus is directly and/or vicariously liable

for the actions of its employees, affiliates, directors, agents, and attorneys under, *inter alia*, the theory of *respondeat superior*.

## FACTUAL ALLEGATIONS

18.    Plaintiff owns a residential home located at 16 Cardinal Lane, Howell, New Jersey, 07731.

19.    Plaintiff's home is secured by a mortgage owned, backed, or controlled by Federal National Mortgage Association ("Fannie Mae") that is serviced by Seterus.

20.    Plaintiff's Fannie Mae home mortgage loan represents an obligation for the payment of money arising out of an express contract for a purchase made primarily for personal, family, or household purposes, to wit her residence.

21.    Seterus is a servicer of mortgages for residential housing loans owned, backed or controlled by Fannie Mae.

22.    Upon information and belief, Seterus is a specialty mortgage servicer for high risk residential housing loans owned, backed, or controlled by Fannie Mae.

23.    As a mortgage servicer, Seterus contracts with Fannie Mae to collect payments, fees, and other amounts owed by the home owner and to provide other "services" to investors relating to the home owner's loan.

24.    Seterus regularly threatens and/or initiated foreclosure proceedings against home loan mortgagors in New Jersey and elsewhere.

25.    Upon information and belief, Seterus earns money based upon a percentage of the funds that it collects from consumers' mortgage payments as well as through the assessment of late fees and other penalties.

26.     Plaintiff's mortgage loan is governed by a promissory note (the "Note") that defines "default" as failure to "pay the full amount of each monthly payment on the date it is due . . . ."

27.     Plaintiff's loan was in default when transferred to Seterus for servicing on or about March 1, 2015.

**The Scope of Seterus' Collection Activities**

28.     Upon information and belief, Seterus services hundreds of thousands of loans throughout the United States.

29.     Seterus is not a bank and does not lend money to purchasers for home loans.

30.     Seterus is not owned or controlled by a bank, corporation or association engaged in accounting, bookkeeping, or data processing services where a primary component of such services is the rendering of statements of accounts and bookkeeping servicers for creditors.

31.     Because Seterus does not originate home mortgage loans, it only becomes involved with homeowners by acquiring the servicing rights to their mortgage loans as part of a portfolio of loans from Fannie Mae, or if Fannie Mae or other entity assigns or transfers the servicing rights to Seterus of a portfolio of loans from another servicer.

32.     Upon information and belief, Seterus' specialty is servicing residential mortgage loans that are in default or at an increased risk of default.

33.     Accordingly, a high percentage of the residential mortgage loans serviced by Seterus experience one or more payment delinquencies of 45 days or more.

34.    Upon information and belief, Seterus sent a New Jersey Final Letter[1] to mortgagors in New Jersey each time their mortgage was alleged to have become more than 45 days delinquent during the Class Period.

35.    Upon information and belief, to this day, Seterus continues to send a version of the New Jersey Final Letter to New Jersey homeowners whose loans become, or are alleged to become, more than 45 days delinquent.

**Seterus' Violations of the Fair Debt Collection Practices Act Vis-à-Vis Plaintiff**

36.    On or about March 1, 2015, Plaintiff's mortgage was service transferred to Seterus while in a state of default.

37.    Since that time, Seterus has alleged that Plaintiff was more than 45 days delinquent on her mortgage and sent Plaintiff numerous New Jersey Final Letters.

38.    Upon information and belief, Plaintiff has received and read numerous New Jersey Final Letters during the Class Period.

39.    Upon information and belief, Plaintiff received substantially the same form of letter sent to all borrowers in New Jersey who are alleged to be more than 45 days delinquent on a loan that Seterus services.

40.    Upon information and belief, Seterus' correspondence to Plaintiff, as set forth herein, and similar form letters to Class members expressly state "THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR" (emphasis in original).

---

[1] "New Jersey Final Letters" includes all form letters sent by Seterus during the Class Period that contain the passages alleged to violate the FDCPA in the ways alleged in this Class Action Complaint. Upon information and belief, the New Jersey Final Letter is substantially identical to the North Carolina Final Letter; a true and correct copy of which is attached hereto as **Exhibit A**.

41.    Upon information and belief, the New Jersey Final Letter specifically states:

If full payment of the default amount is not received by us . . . on or before [the Expiration Date], *we will accelerate the maturity date of your loan* and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

(emphasis added).

42.    Upon information and belief, the New Jersey Final Letter further states:

If you send only a partial payment, the loan still will be in default . . . IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE LOAN OWNER AND WE INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS.

(emphasis in original).

43.    Seterus has contractual obligations to provide notices to mortgagors like Plaintiff of the occurrence of a deficiency qualifying as a default.

44.    Rather than simply providing notice, Seterus instead utilizes the New Jersey Final Letters to make false, misleading, and overbroad threats to accelerate the note and to commence foreclosure proceedings.

**Seterus' Actual Corporate Policy and Practice**

45.    The New Jersey Final Letters create a false sense of urgency by threatening to accelerate the entire indebtedness of a consumer's loan if "full payment of the default amount is not received . . . on or before the Expiration Date," when Seterus' actual policy, attested to in sworn testimony by a corporate officer, is to not accelerate loans that are less than 45 days delinquent.

46.    On July 19, 2016, Seterus' FED. R. CIV. P. 30(b)(6) deposition testimony was taken in <u>Hager v. Seterus, Inc.</u>, 1:15-cv-222 (W.D.N.C.) pursuant to the Notice of Deposition to Seterus, Inc.; a true and correct copy of which is attached hereto as **Exhibit B**.

47.    Seterus designated Achsah Jacob, a "legal mediation officer," to testify on its behalf in response to the Notice of Deposition to Seterus, Inc.

48.    During Seterus' Rule 30(b)(6) deposition, Achsah Jacob testified as follows:

Q.    My understanding of your testimony just now is that if Seterus receives a payment in response to an NC Final, then the debt is no longer 45 days due and so that's sufficient to hold off the acceleration process?

Q.    Okay. And is that -- is that Seterus' policy just with regard to North Carolina?

A.    Seterus' policy for the loans where we are accepting payments and we're able to apply full contractual payment to the loan.

Q.    Okay. So in response to a letter like Exhibit 11[2], Seterus' policy, if they're accepting payments, is if they receive an amount equal to a normal monthly payment, they will not accelerate the debt?

A.    As long as, right, it brings the loan less than 45 days due.

Q.    Okay. Where does it say that in this letter that if you make one payment or enough such that one payment is recorded, we won't do this, or does it say that?

A.    Well, the expiration date provides really the -- the timeline where the customer needs to make some sort of payment so that the 45 days are not past due.

Q.    Not some sort of payment, $3,204.72, that's what it says, right?

A.    Yes. And we're allowing the customer, we're also -- yes. We would like the $3,204.72. But our objective is not to foreclose on our customers. Our objective is to be able to take -- even if it's a partial payment, if where -- if 'in the bucket where a partial payment can be made, our objective is to collect that payment to help them stay in their house. Because them making payments, staying in their

---

[2] Exhibit 11 (a true and accurate copy of which is attached hereto as **Exhibit A)** was a North Carolina Final Letter substantially similar to the New Jersey Final Letters. This deposition was taken in North Carolina in regards to a North Carolina Final Letter; however, the North Carolina Final Letter and the New Jersey Final Letters are substantially similar and the legal issues therein are comparable.

house helps us in our business as well. Foreclosing on them is really not, you know, helpful to us nor to them.

Q.    Yeah.

A.    And so therefore, this letter is sent out per the guidelines that are outlined and we allow the customer -- we allow the customer to make that partial payment. And then when a full -- if a partial payment does not equal the contractual payment, then your -- then this letter still -- still stands. But because a contractual payment is able to be applied to the loan account, then we don't have to continue with the -- this letter.

[Seterus Dep. at pp. 177:11-180:10].

49.    A true and accurate copy of Seterus' Rule 30(b)(6) Deposition from <u>Hager</u> is attached hereto as **Exhibit C**.

50.    According to Achsah Jacob, Seterus does not accelerate borrowers' loans and proceed to foreclosure even if the borrower fails to make a full payment equal to the default amount or amount due listed in the New Jersey Final Letter and fails to make any additional payments that come due during the notice period.

51.    Put simply, Seterus does not customarily accelerate loans under the terms threatened by its New Jersey Final Letter if homeowners make a partial payment sufficient to bring their loan less than 45 days past due.

52.    The New Jersey Final Letters misrepresent the conditions under which Seterus intends to accelerate loans and deceives consumers into believing their loans will be accelerated if they fail to fully cure their default prior to the "expiration date."

53.    The New Jersey Final Letters cause the least sophisticated consumers to believe that they will lose their homes if *all* arrearages to Seterus are not paid by the stated expiration date; which is not true.

54.     The New Jersey Final Letters cause the least sophisticated consumers to believe that they will lose their homes if they do not bring their loan current by the stated expiration date, which is not true.

55.     The New Jersey Final Letters misrepresent Seterus' intentions and present homeowners with a false ultimatum that they must satisfy all arrearages within the deadline or face acceleration and immediate commencement of foreclosure proceedings.

56.     The New Jersey Final Letters were materially misleading in that they threatened homeowners with acceleration and foreclosure when Seterus had neither the present intent, nor the present ability, to undertake such actions.

57.     The false or misleading threats of acceleration and foreclosure contained within the New Jersey Final Letter are designed to scare and intimidate homeowners into paying all delinquent amounts, even if such payment is not required to avoid acceleration or the commencement of foreclosure proceedings.

58.     The false or misleading threats of acceleration and foreclosure contained within the New Jersey Final Letter have the potential of causing individuals to send additional money to Seterus that, absent the false and misleading statements, they could have utilized on other necessary expenditures, including food and utility payments.

59.     The misleading threats of acceleration and foreclosure make it impossible for the least sophisticated consumer to make a rational decision in response to the New Jersey Final Letter because it threatens immediate, irreversible consequences.

60.     The misleading threats of acceleration and foreclosure are designed to scare homeowners into making payments they otherwise may not make.

61.     Upon information and belief, Seterus willfully crafted the New Jersey Final Letter in such a way to frighten and intimidate consumers into paying money to Seterus in violation of federal and New Jersey fair debt collection statutes.

62.     By misrepresenting Seterus' actual policies and practices, the New Jersey Final Letter deprived New Jersey homeowners of accurate, non-misleading information upon which they could choose the best course of conduct for their individual financial and family situations.

63.     Accordingly, the New Jersey Final Letters threaten action not actually intended to be taken by Seterus in the ordinary course of business where the borrower makes a partial payment, and constitute unfair threats, coercion, or attempts to coerce payments from consumers in violation of the FDCPA and NJCFA.

64.     Upon information and belief, Seterus uses substantially identical language in all of its New Jersey Final Letters that are sent to New Jersey homeowners whose mortgage loans are 45 or more days past due.

65.     Upon information and belief, each Class member has received one or more New Jersey Final Letter within the applicable statute of limitations.

66.     Each New Jersey Final Letter constitutes a separate violation of the FDCPA and/or the NJCFA in that, *inter alia*, the New Jersey Final Letter threatens to take action not taken by Seterus in the ordinary course of business that it did not intend to take.

67.     As a result of the foregoing, Plaintiff has been deprived of accurate information from which to make informed decisions in response to Seterus' collection attempts and has been repeatedly threatened with the acceleration and foreclosure of her home when Seterus did not intend to do so under the terms and conditions stated in the New Jersey Final Letter.

**Seterus' Violations Were Willful**

68.     As an acknowledged debt collector subject to the FDCPA, Seterus and its officers, managers, and employees are aware that these fair debt statutes forbid threatening to take action that the debt collector does not intend to take, and from making false or misleading statements to debtors.

69.     Seterus purposely crafted the New Jersey Final Letter to threaten action that Seterus knew, based on its own corporate policy and practice as alleged herein, it did not intend to take.

70.     In so doing, Seterus and its agents, officers, managers, and employees willfully violated the FDCPA.

71.     The risk of violation of the FDCPA by Seterus' mailing of the New Jersey Final Letter over the Class Period was more than merely careless.

## CLASS ALLEGATIONS

72.     Pursuant to Federal Rules of Civil Procedure 23, Plaintiff brings this action on behalf of a Class defined as follows:

> All consumers in New Jersey whose servicing rights were acquired by Seterus after their loan was in default and who were sent a letter from Seterus substantially similar or materially identical to the NJ Final Letter delivered to Plaintiff during the relevant statute of limitations.

Excluded from the Class are officers, directors, and managers of Seterus; the Court; and staff of the judicial officer(s) assigned to this action.

73.     The Class Period shall commence one year preceding the filing of this Class Action Complaint and ending on the last day of trial or, in the event of a class settlement, ending on the date of entry of an order preliminary approving such class settlement, whichever is later (the "Class Period")

74.    *Numerosity*: Upon information and belief, the Class contains several thousand members, based upon an analysis of the volume of Seterus' mortgage default servicing activity nationwide and in New Jersey.

75.    The size of the Class is so numerous that joinder of all members would be impracticable.

76.    *Commonality*: Several common questions of law or fact pertaining to claims of the Class and of the class are presented in this action, including without limitation:

- o    Were Seterus' communications seeking to collect amounts it claimed were in default on home mortgages a form of "debt collection" under the FDCPA?

- o    Is Seterus a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), when it communicates with homeowners whose mortgage servicing rights it acquired after default?

- o    What were Seterus' policies and practices concerning acceleration of defaulted loans upon receipt of a partial payment?

- o    What were Seterus' policies and practices concerning the commencement of foreclosure proceedings against homeowners who made a partial payment of the "amount due" or "default amount" as described in Seterus' New Jersey Final Letter?

- o    Does the New Jersey Final Letter violate the FDCPA in one or more of the ways alleged?

- o    Does the New Jersey Final Letter violate N.J. Stat. Ann. § 56:8-1 *et seq.*?

77.    *Typicality*: The claims of Plaintiff are typical of the claims of the Class and all are based on the same facts and legal theories, as all such claims arise out of the complained-of Seterus' conduct.

78.    *Adequate Representation:* Plaintiff is an adequate representative of the Class in that she is a member of the Class and does not have antagonistic or conflicting claims with other Class members.

79.     Plaintiff has also retained counsel experienced in the prosecution of complex class actions, specifically including fair debt class actions involving mortgages.

80.     Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action.

81.     Plaintiff is aware of her responsibilities as a class representative and has accepted such responsibilities.

82.     *Injunctive or Declaratory Relief*. The grant of injunctive or declaratory relief is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Seterus has acted and continues to act in violation of the FDCPA with respect to all New Jersey homeowners whose mortgages it services.

83.     Seterus has acted and refused to act on grounds generally applicable to the Class making final injunctive and declaratory relief appropriate.

84.     *Predominance*: Under Federal Rule of Civil Procedure 23(b)(3), the common questions of law and fact listed above, and others, predominate over any individual issues that may be presented.

85.     Seterus has sought to and continues to attempt to collect amounts it claims are due under defaulted home loan in New Jersey using form letters, and its policies and practices regarding partial payments were and are consistently applied to all homeowners.

86.     *Superiority*: Under Federal Rule of Civil Procedure 23(b)(3), the Class is appropriate for certification because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

87.     Actual tangible damages are unlikely based upon the violations alleged, and the statutory damages sought on behalf of Class members are small, such that individual Class members could not economically pursue individual actions.

88.     Absent a class, Class members would be unlikely to receive any recovery.

89.     Accordingly, individual Class members do not have an interest in controlling the prosecution of separate actions.

90.     Plaintiff's counsel anticipate no undue difficulties in the management of this action on a class basis.

91.     Alternatively, absent a class courts throughout New Jersey may be confronted with a multiplicity of lawsuits, which would unnecessarily burden the courts while also creating the risk of inconsistent rulings and contradictory judgments.

### FIRST CAUSE OF ACTION
(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)

92.     Plaintiff repeats and realleges the allegations in the preceding paragraphs as if set forth herein.

93.     Seterus frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

94.     Each member of the proposed FDCPA Class are "consumers," as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

95.     Each member of the proposed FDCPA Class has a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

96.     Each member of the proposed FDCPA Class has a debt for which Seterus acquired the servicing rights after the debt was in default.

97.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

98.    Seterus is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

99.    Seterus is a debt collector in servicing Plaintiff's mortgage because her loan was in default at the time Seterus obtained the servicing rights.

100.    Plaintiff and all members of the class are "consumers," as defined by the FDCPA, 15 U.S.C. § 1692(a)(3), since they are natural persons allegedly obligated to pay a consumer debt.

101.    At all material times, Plaintiff's debt and the debts of the class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692(a)(5).

102.    Dunning letters such as the New Jersey Final Letter and **Exhibit A** hereto are to be evaluated by the objective "least sophisticated consumer" standard.

103.    FDCPA 15 U.S.C. § 1692(e) states in part:

A debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken.
. . .
(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

104.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and/or threatened to take action that it could not legally take.

105.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

106.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e) in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

107.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must pay all arrearages within the false deadline identified in the New Jersey Final Letters, or face immediate acceleration and initiation of foreclosure proceedings.

108.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures under the terms threatened in its New Jersey Final Letter.

109.    Seterus' violations of 15 U.S.C. § 1692(e) were material, *inter alia*, because the New Jersey Final Letter mislead consumers about information necessary to permit them to determine their best course of conduct; created a substantial risk of causing homeowners to make less than optimal decisions in managing their finances; and increased and foreseeably increase the anxiety of homeowners regarding the risk of immediate acceleration or commencement of foreclosure proceedings.

110.    Moreover, Congress has expressly determined that Seterus' violations are material by specifically designating that threats to take actions that the debt collector does not intend to take are an unfair collection practice and a violation of the FDCPA.

111.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e) by using false representations and deceptive means, including false threats of acceleration and commencement of foreclosure proceedings, and the New Jersey Final Letters are therefore illegal.

112.    FDCPA § 1692(f) states in pertinent part that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

113.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f) in that it unfairly utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

114.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f) in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

115.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f), in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the New Jersey Final Letters, or face acceleration and ultimately foreclosure.

116.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f), in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures.

117.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(f) by using unfair and unconscionable means, including false threats of acceleration and foreclosure.

118.    As a result of Seterus' unlawful attempts to collect debt, Plaintiff and the FDCPA Class Members are entitled to statutory damages, as well as their reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

(Violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.*)

119.   Plaintiff repeats and reallege the allegations in the preceding paragraphs as if set forth herein.

120.   New Jersey's Consumer Fraud Act, ("NJCFA" or "Act") codified at N.J. Stat. Ann. § 56:8-1 *et seq.*, prohibits:

> "The use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby… " (NJCFA, § 56:8-2).

121.   In order to prevail on a consumer fraud claim, a plaintiff must show 1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss.

122.   Misrepresentations regarding mortgage modifications fall within the NJCFA since they are made in connection with the 'subsequent performance' of a mortgage under a statute.

123.   Seterus' acts and practices in the conduct of their businesses constituted unconscionable commercial practices, deception, fraud, false pretense, false promise, and misrepresentation.

124.   Seterus' conduct has had a broad impact on consumers at large.

125.   Seterus committed the deceptive acts and practices willfully and/or knowingly.

126.   Seterus' wrongful and deceptive acts have caused injury and damages to Plaintiff and class members and unless enjoined, will cause further irreparable injury.

127.    Seterus' violations of NJCFA include, but are not limited to:

a.    Seterus has falsely represented that failure to immediately and completely satisfy all arrearages would result in acceleration of their loan in contravention of Seterus' specific intentions and ordinary practices;

b.    Seterus has attempted to collect debt using false representations and deceptive means to collect or attempt to collect the Debt;

c.    Seterus has threatened action it did not intend to take;

d.    Seterus has threatened to take action that it could not legally take;

e.    Seterus has attempted to collect debt utilizing false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes;

f.    Seterus has attempted to collect debt utilizing false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, for the sole purpose of coercing additional payments;

g.    Seterus has falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds;

h.    Seterus has misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the New Jersey Final Letters, or face acceleration and ultimately foreclosure;

i.    Seterus has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures and when such actions are not taken in the usual course of business; and

   j. Seterus has attempted to collect debt by using unfair threats and coercion, including empty threats of acceleration and foreclosure.

128. Plaintiff and Class members can demonstrate a violation of the NJCFA and, by doing so, are entitled to the recovery attorney's fees and costs.

129. As a direct and proximate result of these violations of section 56 of the New Jersey Consumer Fraud Act, Plaintiff and putative class members have suffered compensable harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and treble damages, costs and attorney's fees.

130. A causal relationship between the unlawful conduct and the loss to the Plaintiff and Class members exists because the pursuit of the lawsuit occurred in response to the mental anguish and anxiety caused by Defendant to Plaintiff and Class members.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Judith Fordham, on her own behalf and on behalf of all others similarly situated, prays the Court for judgment as set forth below:

1. Certifying this action as a class action as provided by Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as Class counsel;

2. Declaring that Seterus has violated the FDCPA and NJCFA in the ways alleged in this Class Action Complaint;

3. Enjoining further violations of the FDCPA and NJCFA by Seterus and its agents and employees;

4.      Awarding Plaintiff and the Class statutory damages under the FDCPA and NJCFA;

5.      Awarding Plaintiff and the Class their reasonable attorneys' fees and costs incurred pursuant to the FDCPA and the NJCFA;

6.      Ordering that the costs of this action be taxed to Seterus; and

7.      Providing such other and further relief as the Court deems just and proper.


Dated:  September 12, 2018

                         Respectfully submitted,



                         By: _____
                         **CHIMICLES & TIKELLIS LLP**
                         Benjamin F. Johns
                         (NJ ID No. 03818-2005)
                         361 West Lancaster Avenue
                         Haverford, Pennsylvania 19041
                         Telephone: (610) 642-8500
                         Facsimile: (610) 649-3633
                         Email: bfj@chimicles.com

                         Scott C. Harris (NC 35328)
                         Patrick M. Wallace (NC 48138)
                         WHITFIELD BRYSON & MASON, LLP
                         900 W Morgan St
                         Raleigh, NC  27603
                         Phone: (919) 600-5000
                         Fax: (919) 600-5035
                         scott@wbmllp.com
                         pat@wbmllp.com

Edward H. Maginnis (NC 39317)
Karl S. Gwaltney (NC 45118)
Asa C. Edwards (NC 46000)
MAGINNIS LAW PLLC
4801 Glenwood Ave, Suite 310
Raleigh, NC  27612
Phone: (919) 526-0450
Fax: (919) 882-8763
emaginnis@maginnislaw.com
kgwaltney@maginnislaw.com
aedwards@maginnislaw.com

*Counsel for Plaintiff and the Proposed Class*