NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDITH FORDHAM, *on behalf of herself and others similar situated*, | : : : : |
| Plaintiffs, | : Civil Action No. 3:18-cv-13808-BRM-LHG : |
| v. | : : **OPINION** |
| SETERUS, INC., | : : |
| Defendant. | : : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Seterus, Inc.'s ("Seterus") Motion to Dismiss. (ECF No. 12.) Plaintiff Judith Fordham ("Fordham") opposes the Motion. (ECF No. 16.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, Seterus's Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

For the purposes of this Motion, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

This is a fair debt collection practices action ("FDCPA") arising out of a final letter ("New Jersey Final Letter") sent by Serterus, which "falsely and misleadingly" suggested that Seterus would

> accelerate the loan or commence foreclosure proceedings absent full payment, in contradiction to Seterus'[s] actual policy not to accelerate a loan or commence foreclosure proceedings so long as any payment sufficient to bring the loan less than 45 days delinquent is made prior to the expiration date set forth in the . . . Final Letter.

(ECF No. 9 ¶ 4.)

Fordham owns a home located in Howell, New Jersey, which is secured by a mortgage owned by Federal National Mortgage Association ("Fannie Mae") and serviced by Seterus.[1] (*Id.* ¶¶ 18-19.) Fordham's mortgage was transferred to Seterus for serving when it was in a state of default. (*Id.* ¶ 36.) Seterus, as a servicer, "sent a New Jersey Final Letter to mortgagors in New Jersey each time their mortgage was alleged to have become more than 45 days delinquent." (*Id.* ¶ 34.)

Fordham was more than 45 days delinquent on her mortgage. (*Id.* ¶ 37.) Therefore, Seterus sent her numerous New Jersey Final Letters "that are materially the same as the North Carolina Final Letter." (*Id.* ¶ 38.) The North Carolina Final Letter states, in part:

> If full payment of the default amount is not received by us . . . on or before the Expiration Date, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE indebtedness of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable. Acceleration of the sums secured by the mortgage also may result in the sale of the premises. Any such action will not take place before 45 days from the date of this notice.

---

[1] "Seterus is a specialty mortgage servicer for high risk residential housing loans owned, backed, or controlled by Fannie Mae." (*Id.* ¶ 22.) Seterus contracts with Fannie Mae to collect payments, fess, and other amounts owed by homeowners. (*Id.* ¶ 23.)

2

> If you send only a partial payment, the loan still will be in default and we may keep the payment and still will accelerate the maturity date.
>
> IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, WE AND THE LOAN OWNER INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS. ADDITIONAL FEES SUCH AS FORECLOSURE COSTS AND LEGAL FEES MAY BE ADDED PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

(*Id.*)

The Amended Complaint, however, does not attach or quote from any of the New Jersey Final Letters Fordham received. It also fails to give approximate dates as to when these letter were received, or the amount owed. Instead, Fordham attaches the above letter sent to Cynthia Hager, a borrower in North Carolina, in October 2012, and alleges her letters were similar. (ECF No. 9-1.) Based on deposition testimony taken in Hager's North Carolina case, *Hager v. Seterus, Inc.*, No. 15-cv-222 (W.D.N.C.), and regarding her North Carolina Final Letters, Fordham alleges the New Jersey Final Letters sent to her also falsely suggested that Seterus would accelerate the loan or commence foreclosure proceedings absent full payment, when in reality Seterus would not accelerate a loan or commence foreclosure proceedings as long as the borrower made any payment sufficient to bring the loan less than 45 days delinquent. (ECF No. 9 ¶¶ 51-52.)

On this basis, on September 12, 2018, Fordham filed this action and asserts Seterus violated the FDCPA and NJCFA. (ECF No. 1.) On December 3, 2018, Fordham filed an Amended Complaint alleging same. (ECF No. 9.) On December 28, 2018, Seterus filed a Motion to Dismiss. (ECF No. 12.) Fordham opposed the Motion on February 4, 2019. (ECF No. 16.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

### III. DECISION

#### A. FDCPA

Fordham alleges Seterus violated sections 1692e(5), 10 and 1692f of the FDCPA. (ECF No. 9 ¶¶ 94-121.) Seterus argues Fordham's Amended Complaint fails to meet Rule 8's pleading requirement because it failed to attach any New Jersey Final Letter Fordham actually received or quote the language from a letter she received, and it does not identify the date the letters were received or the amount owed. (ECF No. 12-1 at 7-11.)

Congress enacted the FDCPA in 1977 as a result of the abundance "evidence of the use of abusive, deceptive, and unfair debt collection practices" and the inadequacy of existing laws and procedures designed to protect consumers. 15 U.S.C. § 1692(a), (b). At the time, Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." 15

U.S.C. § 1692(a). The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors" and to promote further action to protect consumers against debt collection abuses. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting 15 U.S.C. § 1692(e)). "The right congress sought to protect in enacting this legislation was therefore not merely procedural, but substantive and of great importance." *Blaha v. First Nat'l Collection Bureau*, No. 16-2791, 2016 U.S. Dist. LEXIS 157575, at *23 (D.N.J. Nov. 10, 2016).

"Because the FDCPA is a remedial statute, we construe its language broadly so as to effect its purpose." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)). Accordingly, communications from lender to debtors are analyzed from the perspective of the "least sophisticated debtor." *Brown*, 464 F.3d at 454. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Id.* at 453 (citation omitted).

The "least sophisticated debtor" standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000) (citation omitted). "Even the least sophisticated debtor is bound to read collection notices in their entirety." C*ampuzano–Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008).

To succeed on an FDCPA claim, a plaintiff must establish: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA

in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); *see also Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 427 (3d Cir. 2018)*; Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015). Only the fourth prong is disputed here. Seterus concedes the first three elements of the FDCPA claims are met, therefore, the only issue before the Court is whether Seterus violated any provisions of the FDCPA during collection.

Section 1692e(5) prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Section 1692e(10) prohibits the use of "deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Section 1692f is directed toward preventing unfair practices by debt collectors and provides, in part, that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. To ascertain whether a debt collector's communications violate the FDCPA, "a court must analyze the language of the letters from the perspective of the least sophisticated consumer." *Alfaro v. Client Servs., Inc.*, No. 11-05463, 2012 WL 1150845, at *2 (D.N.J. Apr. 5, 2012); *Brown*, 464 F.3d at 454.

Here, the Amended Complaint contains no information about the New Jersey Final Letters sent to Fordham that would allow the Court to find with any degree of plausibility that Seterus violated sections 1692e(5), 10 or 1692f of the FDCPA. The Amended Complaint does not attach or quote from any of the New Jersey Final Letters Fordham allegedly received. It also fails to give approximate dates as to when these letter were received, or the amount owed. Instead, it relies on and recites snippets of a letter sent to a borrower in North Carolina and alleges her letters were similar. (ECF No. 9-1.) Because the Court cannot refer to the letters themselves it cannot determine whether Seterus's letters, from the perspective of the least sophisticated consumer, constitute a

7

threat to foreclose, use deceptive means to collect or attempt to collect, or use unfair or unconscionable means to collect or attempt to collect the debt owed. *Alfaro*, 2012 WL 1150845, at *2 (finding the Complaint failed to set forth sufficient facts to support a claim under § 1692e(5) because it was not possible "for the Court to discern whether Defendant's letter violated § 1692e(5) when [the] [p]laintiff plead[] only a snippet of its contents and d[id] not allege any facts in support of the claim"). The Court cannot and will not speculate as to the contents of the letters Fordham received. Although Fordham contends she received letters "materially the same as" those sent to a debtor in North Carolina, the Court cannot speculate as to what provisions in the letter are similar and which are different. Indeed, to ascertain whether Seterus's letters violate the FDCPA, the Court must analyze the actual language of the letters, which it cannot do at this time. *Id.*

Moreover, statements contained in a letter sent six years ago to an unrelated third party in a different state are not sufficient to survive Rule 8's pleading standard. Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that *the pleader* is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted) (emphasis added). Accordingly, Seterus's Motion to Dismiss Fordham's FDCPA claim is **GRANTED**.

### B. NJCFA

Fordham's Amended Complaint alleges a claim under the NJCFA. (*See* ECF No. 9.) Seterus contends Fordham's NJCFA claim fails for three reasons: (1) it fails to meet Rule 9(b)'s heightened pleading standard; (2) it does not allege an ascertainable loss; and (3) it fails to allege an unlawful conduct. (ECF No. 12-1 at 19-24.) Fordham's opposition states she "does not oppose [Seterus's] Motion with respect to her Second Cause of Action alleging violations of New Jersey's Consumer Fraud Act." (ECF No. 16 at 1 n.1.) Fordham's failure to defend this issue in her

opposition to the Motion to Dismiss subjects the NJCFA to dismissal without a merits analysis. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1992) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis). Accordingly, Seterus's Motion to Dismiss as to this issue is **GRANTED** and the claim is hereby **DISMISSED**.

### C. Standing

Seterus contends Fordham lacks Article III standing to maintain her FDCPA claim because she did not suffer an injury. (ECF No. 12-1 at 25.) Fordham argues she has standing because "violations of the FDCPA give rise to injuries that are sufficiently concrete to confer standing under Article III." (ECF No. 16 at 16.)

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (citing *St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000) ("The issue of standing is jurisdictional."); *Kaufman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 733 (3d Cir. 1970) ("[W]e must not confuse requirements necessary to state a cause of action . . . with the prerequisites of standing.")).

"Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Ballentine*, 486 F.3d at 810 (citing *Warth v. Seldin,* 422 U.S. 490 (1975); *Storino v. Borough of Point Pleasant Beach,* 322 F.3d 293, 296 (3d Cir. 2003)). Nevertheless, on a motion to dismiss for lack of standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)). However, "*general factual allegations of injury resulting from the defendant's conduct may suffice*." *Lujan,* 504 U.S. at 561 (emphasis added).

Article III "standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan*, 504 U.S. at 560). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id*. (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

As in *Spokeo*, "[t]his case primarily concerns injury in fact, the '[f]irst and foremost' of standing's three elements." *Id.* (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id*. (citations

omitted). "Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.'" *Id*. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Id*. (explaining that "[w]hen we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term – 'real,' and not 'abstract'"). "Concreteness, therefore, is quite different from particularization." *Id*.

In *Spokeo*, the Supreme Court held that intangible injuries can be concrete and, under certain circumstances, the risk of real harm can also satisfy the requirement of concreteness. *Id.* at 1549. However, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. As such, a plaintiff may "not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing.")) (additional citation omitted).

"A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a "facial" attack or a "factual" attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa.*, 757 F.3d at 357. Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("The facial attack does offer similar safeguards to the plaintiff [as a 12(b)(6) motion]: the court must consider the allegations of the complaint as true."). The Court "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter

11

jurisdiction." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008) (citing *Cardio–Medical Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983)).

Under a factual attack, however, the challenge is to the trial court's "very power to hear the case." *Mortensen*, 549 F.2d at 891. Thus:

> [T]here is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* Moreover, in a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178.

Here, Seterus asserts a facial 12(b)(1) challenge. Therefore, the Court considers the allegations in the light most favorable to Fordham. *Gould Elecs.*, 220 F.3d at 176; *Mortensen*, 549 F.2d at 891. Because the Court has already determined the Amended Complaint contains no information about the New Jersey Final Letters sent to or received by Fordham, does not attach or quote from any of the alleged letters, fails to give approximate dates as to when the letters were received, or the amount owed, Fordham has failed to establish she suffered an injury in fact. To establish injury in fact, Fordham must show that "*she suffered* 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect *the plaintiff* in a personal and individual way.'" *Id.* (citations omitted). Instead, Fordham's Amended Complaint asserts injuries of a third unrelated party by relying on, attaching, and providing snippets of a letter sent to a borrower in North Carolina. (ECF No. 9-1.) Accordingly, Seterus's Motion to Dismiss for lack of jurisdiction based on standing is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Seterus's Motion to Dismiss is **GRANTED**. Fordham may file an Amended Complaint within thirty (30) days of this Opinion curing the deficiencies addressed herein.


**Date:** July 31, 2019 */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**